# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Nanette Vorath | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| Eastpoint Recovery Group, Inc. | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Milwaukee, WI at all times relevant to this action.

2. Defendant is a New York corporation that maintained its principal place of business in Williamsville, NY at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to HSBC, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around September 8, 2011, Defendant's agent or employee, named Joe Blando ("Joe"), telephoned Plaintiff in connection with the collection of the debt. During this communication, Joe threatened to file a suit against Plaintiff in the Milwaukee court system if Plaintiff failed to telephone Defendant by 11:00am the next day.

14. During this communication, Plaintiff notified Joe that Plaintiff had retained an attorney with respect to the alleged debt and provided Plaintiff's attorney's contact information.

15. During this communication, Joe falsely represented that Plaintiff had not retained an attorney because Plaintiff hadn't paid fees in full and Plaintiff's bankruptcy had not been filed in court.

16. Despite the above notice of attorney representation, Defendant's representatives Lindsay Rogers and John Stefano telephoned Plaintiff connection with the collection of the debt on numerous other occasions, including September 19, October 12, October 13, and October 18, 2011.

17. At the time of the above communications, there was no case filed against Plaintiff in the Courts of Milwaukee and Defendant had neither the intent nor the ability to file suit against Plaintiff.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

20. In support hereof, Plaintiff incorporates paragraphs 14-16 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

22. In support hereof, Plaintiff incorporates paragraphs 13, 15, and 17 as if specifically stated herein.

## JURY DEMAND

23. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

24. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, P.C.

By: /s/ Nicholas J. Prola
    Nicholas J. Prola
    233 S. Wacker Dr., Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Fax: 312-822-1064
    Email:  nprola@maceybankruptcylaw.com
    Attorneys for Plaintiff